EDWARD C. LA VAUD, as Executor of ELLEN F. MURPHY, Deceased, Respondent, v. MAE M. REILLY, Appellant.

Second Department, November 27, 1944.

*Chester B. McLaughlin, John D. Higgins* and *James S. Bennett* for appellant.

*Joseph Apfel* for respondent.

*Per Curiam.* Action in equity for an accounting by the executor of the settlor and the beneficiary of a claimed trust. The matter was submitted at the trial upon an agreed statement of facts. A lean recital of so much of the facts as have legal significance will suffice to pass upon the questions presented.

Ellen F. Murphy and her husband owned certain real property in Staten Island. In 1908 and in 1910 they conveyed it to Daniel H. Hanckel in trust. The husband died and all rights to the property under the instruments of conveyance vested in Mrs. Murphy. The trust instruments required Hanckel to hold the property in trust for certain specified purposes, including sales of lots and the application of the proceeds to specified uses. They required that the surplus, if any, should be paid to Mrs. Murphy as beneficiary.

Hanckel made sales of lots and acted in pursuance of the trust instruments. Meanwhile friction arose between Mrs. Murphy and Hanckel. On September 6, 1921, although the legal title to the property, so far as unsold, still vested in

Hanckel, the beneficiary Ellen F. Murphy assumed to convey a portion of the unsold property (Parcel A, fifty-three lots) to the defendant herein, Mae M. Reilly. In that instrument Mae M. Reilly was to make the sales and apply the proceeds to specified uses and pay over the balance of moneys, if any, to Ellen F. Murphy. This instrument was ineffectual to clothe Reilly with power to do anything in respect of the property with binding legal effect.

On December 15, 1921, at the request and direction of Mrs. Murphy, Hanckel conveyed Parcel A to the defendant Reilly. The trust instrument directed that Reilly sell lots contained therein and apply the proceeds to specified uses. It directed that the disposition of any money balances not so applied, or of property not sold, was to be "hereinafter determined." There was no further provision set out later. It provided that accountings were to be made by Reilly to Hanckel. The effect of this instrument was that accountings in respect of disbursements specified and the disposition, by operation of law, of undisbursed funds or unsold property were to be made to Hanckel (1 Scott on Trusts, § 112, p. 581) because as between Reilly and Hanckel the only one who could authorize Reilly to make any disposition of funds or property was Hanckel. This instrument effectively clothed Reilly with the power to make sales and dispose of the proceeds as directed by the instrument and by further directions given pursuant thereto. It differed from the abortive instrument executed by Murphy to Reilly dated September 6, 1921, in that the beneficiary was not Mrs. Murphy. The disposition of the proceeds of the sale of property and of the unsold portions thereof was as had been indicated, and the one to whom accounting therefor was to be made was Hanckel, who, as trustee for Mrs. Murphy under the 1908 and 1910 instruments, continued under the earlier instruments to be obligated to account to Mrs. Murphy. This instrument had the effect, however, since it was executed at Mrs. Murphy's request and direction, of not merely supplementing but of superseding the instrument of September 6, 1921, which instrument had no practical effect. The purposes of the latter instrument, however, acquired efficacy to a limited extent because of the execution by Hanckel of the December 15, 1921, instrument, except as to whom accountings were to be made and moneys paid.

On November 11, 1922, again at the request and direction of Mrs. Murphy, Hanckel conveyed Parcel B (sixty-nine lots) to the defendant Reilly. This instrument contained provisions

similar to the December 15, 1921, instrument. It provided, *inter alia,* that one half of the surplus moneys were to be paid by Reilly to Hanckel. It contained no specific direction as to the balance of the moneys or property for which accounting necessarily was to be made. As between Hanckel and Reilly, by operation of law, the only one to whom such an accounting of such balance could be made or by whom it could be required was Hanckel, the other party to the instrument. (1 Scott on Trusts, § 112, p. 581.) He, however, in turn continued to be obligated as trustee for Mrs. Murphy under the 1908 and 1910 instruments to account to Mrs. Murphy. Ellen F. Murphy at no time executed any instrument directly to the defendant Reilly in respect of Parcel B (sixty-nine lots).

Mrs. Reilly sold all of the lots in Parcel A and nineteen of the lots in Parcel B. She then in 1924, at the direction of Hanckel and Murphy, conveyed the balance of fifty lots to one Paterson, who, it subsequently developed, was a dummy acting for a son of Mrs. Murphy. The latter did not know that Paterson was the son's dummy. A sale under the Paterson transaction precipitated a question as to the validity of the title. There ensued an action by Paterson against Reilly and Hanckel for specific performance of the contract of sale to Paterson and of the covenant in Hanckel's deed to Reilly to execute further necessary instruments. Reilly defaulted in that action and Hanckel resisted. It was held that Hanckel had obligated himself to convey the property and he was directed to execute a quitclaim deed to supplement the deed of the defendant Reilly upon the payment to Reilly of the consideration agreed to be paid by Paterson. Hanckel did not execute this deed and apparently was not compelled to do so.

An action was subsequently begun by Hanckel against the defendant Reilly for an accounting. Both Mrs. Murphy and Hanckel having died, another action was begun by Murphy's executor, La Vaud, against Allen, Hanckel's executor, for an accounting. Mrs. Reilly was not made a party to this action. Both actions were decided by the same justice at the same time in December, 1934. In the action of Hanckel against Reilly it was found that Reilly had accounted to Hanckel for all of her acts as trustee, except as to the transaction he had obstructed by failing to give the quitclaim deed. In the action of La Vaud (Murphy) against Allen (Hanckel) it was asserted as a defense that Hanckel had conveyed Parcels A and B to Mrs. Reilly and he should not be required to account. This defense was rejected and his executor was directed to account.

While the accounting was pending before a referee, the Hanckel executor settled the case and La Vaud (Murphy) took an assignment of any claims Hanckel had against Mrs. Reilly.

In 1937 this action was brought and the foregoing facts, *inter alia*, were invoked to require an accounting from the defendant Reilly to Mrs. Murphy's executor. The trial court found that she should account.

Upon the foregoing facts and the legal effect of the instruments as stated above there was no duty resting upon the defendant Reilly to account to La Vaud (Murphy). The only person specifically designated to whom Reilly was to account was the other party to the instruments, to wit, Hanckel. Insofar as the disposition of the proceeds of certain portions of the property and of unsold lots was not specifically provided for, the one to whom Reilly, by operation of law, was obligated to account was Hanckel, the other party to these instruments, as he was the only one who could give valid directions in respect of these funds or property. Hanckel, in turn, continued obligated to account as trustee to Mrs. Murphy under the earlier 1908 and 1910 instruments. The validity of the instruments under which Reilly assumed to act may not be challenged by her. She is estopped from doing so. (*Rothschild* v. *Title Guarantee & Trust Co.*, 204 N. Y. 458; *Wittner* v. *Burr Avenue Development Corporation*, 222 App. Div. 285.) However, these two instruments in specific terms and legal effect require her to account to Hanckel and not to Murphy. It has been held in the action of *Hanckel* v. *Reilly* (N. Y. L. J., Dec. 10, 1934, p. 2297, col. 5) that she has accounted except as to the transaction which was not completed because of the failure of Hanckel to execute the quitclaim deed. It is conceded that, under the direction of Hanckel and Murphy, Mrs. Reilly gave a deed to the remaining lots to Paterson and that she has not received the purchase price of that property since the decision in that case. This holding is *res judicata* as to the plaintiff herein, as he may only invoke rights vesting in Murphy as the beneficiary of Hanckel. An adjudication against Hanckel, the trustee, binds the beneficiary Murphy and her successors. (*Matter of Estate of Straut*, 126 N. Y. 201; *Jackson* v. *Tallmadge*, 246 N. Y. 133.)

It may be that these views do not conclude as to the future in respect of the defendant Reilly, especially, if she become possessed of assets growing out of the Paterson transaction (as a consequence of Hanckel's representative's executing and delivering the quitclaim deed) and reduce to possession the

consideration for that sale. This, of course, assumes there is no other barrier to such a consummation of the Paterson transaction at this late date. In such an event the bar of unclean hands invoked in the prior action will vanish and the adjudication in that action will be limited to the situation as of the judgment date. It will not conclude as to funds or property acquired after that date. But rights in respect of them must be enforced in succession to Hanckel's right to do so as against Mrs. Reilly.

Accordingly the interlocutory judgment should be reversed on the law and the facts, with costs, and the complaint dismissed, with costs.

HAGARTY, Acting P. J., CARSWELL, JOHNSTON, ADEL and LEWIS, JJ., concur.

Interlocutory judgment reversed on the law and the facts, with costs, and the complaint dismissed, with costs.