EDWARD C. LA VAUD, as Executor of ELLEN F. MURPHY, Deceased, Appellant, v. MAE M. REILLY, Respondent.

Argued January 8, 1946; decided April 18, 1946.

*Joseph Apfel* for appellant. I. Respondent cannot claim that the instrument of September 6, 1921, was invalid because she accepted the said trust, had acted as trustee and received the benefits thereof. (*Wittner* v. *Burr Avenue Development Corporation,* 222 App. Div. 285; *Rothschild* v. *Title Guarantee & Trust Co.,* 204 N. Y. 458; *Kantor* v. *Cohn,* 164 N. Y. 383.) II. Decedent had the right to terminate one trust and to create a new trust on September 6, 1921, with a new trustee, the respondent. III. The instruments of December 15, 1921, and of November 11, 1922, did not supersede the instrument of September 6, 1921, but supplemented it. (*O'Neil Supply Co.* v. *Petroleum H. & P. Co.,* 280 N. Y. 50; *Imperator Realty Co.* v. *Tull,* 228 N. Y. 447; *Meinhard* v. *Salmon,* 249 N. Y. 458.) IV. The decision in *Hanckel* v. *Reilly* (N. Y. L. J., Dec. 10, 1934, p. 2297) is not *res judicata* as to appellant. (*Good Health Dairy Products Corp.* v. *Emery,* 275 N. Y. 14; *Elder* v. *New York & Penn. Motor Express, Inc.,* 284 N. Y. 350; *Hirschberg* v. *Meadow Brook Farms,* 34 N. Y. S. 2d 378; *In re Smith's Will,* 24 N. Y. S. 2d 233.)

*Chester B. McLaughlin, Alfred P. O'Hara* and *James S. Bennett* for respondent. I. Respondent's duty to account by

express agreement with decedent, ran to Hanckel. (*Woerz v. Rademacher*, 120 N. Y. 62; *Kissam* v. *Dierkes*, 49 N. Y. 602; *Lieberman* v. *Templar Motor Co.*, 236 N. Y. 139; *Matter of Bonnaffe*, 23 N. Y. 169; *Renard v. Sampson*, 12 N. Y. 561; *Price* v. *McGown*, 10 N. Y. 465; *Crimmins* v. *Carlyle Realty Co.*, 132 *App. Div.* 664, 196 N. Y. 532; *Housekeeper Pub. Co.* v. *Swift*, 97 F. 290; Restatement of Contracts, § 408; *Townshend* v. *Frommer*, 125 N. Y. 446; *Manice* v. *Manice*, 43 N. Y. 303; *Crittenden* v. *Fairchild*, 41 N. Y. 289.) II. Respondent was accountable to Hanckel by operation of law. III. Appellant did not terminate Hanckel's trusteeship on September 6, 1921. IV. It has been judicially determined that respondent has accounted for all moneys which came into her possession, and has fully performed her trust duties. V. The decision in *Hanckel v. Reilly* (N. Y. L. J., Dec. 10, 1934, p. 2297) is *res judicata* as to appellant. (*City of New York* v. *New York City Ry. Co.*, 193 N. Y. 543; *Williams* v. *Barkley*, 165 N. Y. 48; *Stamp* v. *Franklin*, 144 N. Y. 607; *Jackson* v. *Tallmadge*, 246 N. Y. 133; *Matter of Straut*, 126 N. Y. 201; *Watson* v. *Chicago, Rock Island & Pacific R. R. Co.*, 169 App. Div. 663; *Mayor* v. *Brady*, 115 N. Y. 599.)

Lewis, J. By this action in equity the plaintiff as executor of the estate of Ellen F. Murphy, deceased, seeks an accounting by the defendant, Mae M. Reilly, who is alleged to be a trustee of an *inter vivos* trust created by the decedent for her own benefit. Such trust was created by plaintiff's decedent as settlor by an instrument dated September 6, 1921, purporting to convey to the defendant Reilly as trustee certain parcels of real property which were the subject of earlier trusts executed in 1908 and 1910 in which one Daniel H. Hanckel was named as trustee. By two subsequent alleged trust instruments Hanckel, as settlor, at the request of the decedent conveyed to the defendant substantially the same parcels of land with other property. In one of two purported trust instruments last mentioned above provision was made for the defendant to account to Hanckel upon his request.

The case was submitted at Special Term upon stipulated facts as to which the positions taken by the parties were as follows: The plaintiff contended (1) that under the three instruments in which the defendant is named as trustee she became obligated

to account to the plaintiff's decedent; (2) that in the event the court should determine that the instruments did not create such obligations, by dealing with the property as trustee the defendant incurred an obligation to account; and (3) that the defendant has never accounted under the trust so created. The defendant contended (1) that no duty to account to plaintiff's decedent arose under the instrument of September 6, 1921, inasmuch as (a) such instrument was invalid, (b) it was superseded by the two subsequent instruments executed by Hanckel to the defendant and (c) plaintiff is not the real party in interest under the terms of the instrument dated September 6, 1921; (2) that the defendant was under no duty to account to Hanckel under the two subsequent instruments executed by him to the defendant, because they were invalid, and (3) that if defendant had any duty to account to Hanckel it has been judicially determined that the defendant has so accounted.

Special Term determined that there was a legal duty by the defendant to account to the plaintiff which had not been fulfilled. An interlocutory judgment was thereupon entered which directed defendant to account, or — pursuant to the terms of the stipulation — to submit proof that she had so accounted to plaintiff's decedent. Defendant has not presented such proof. Instead, she appealed to the Appellate Division where the interlocutory judgment was reversed on the law and facts and the complaint was dismissed. The basis for such reversal was that the purported trust of September 6, 1921, was superseded by the two subsequent alleged trust instruments which required defendant to account only to Hanckel and that in a prior action by Hanckel against the present defendant (*Hanckel* v. *Reilly*, N. Y. L. J., Dec. 10, 1934, p. 2297, col. 5) it was held that she had accounted. The Appellate Division thereupon ruled that such " adjudication against Hanckel, the trustee, binds the beneficiary Murphy [the decedent] and her successors." (268 App. Div. 390, 394.)

We are not in accord with the ruling by the Appellate Division that the two subsequent instruments in which Hanckel was named as settlor and the defendant as trustee superseded the instrument of September 6, 1921, executed by the plaintiff's decedent as settlor and by the defendant as trustee. It is not disputed and we proceed on the assumption that plaintiff's

decedent and the defendant intended on September 6, 1921, to create a valid trust. By that instrument the defendant agreed to act as trustee for plaintiff's decedent and thereafter exercised control over property within the corpus of the trust. At that time, however, there were in existence the two instruments executed in 1908 and 1910, respectively, in which Hanckel had been named trustee of land which included the same property which plaintiff's decedent thereafter conveyed in trust to the defendant by the instrument of September 6, 1921. Thus it is apparent that to avoid any question as to the validity of the September 6, 1921, instrument, Hanckel, at the request of plaintiff's decedent, executed the two subsequent instruments in which he designated the defendant as trustee. Those facts lead us to conclude, as did the justice at Special Term, that the two subsequent instruments supplemented rather than superseded the instrument of September 6, 1921.

Nor do we agree that the decedent and her successors in interest were bound by the adjudication in the action brought by Hanckel against the present defendant. In the latter action Hanckel instituted the proceeding in his own behalf — not in his representative capacity as trustee for plaintiff's decedent. In those circumstances plaintiff's decedent should not be bound by an adjudication in an action in which she was not a party.

By the instrument of September 6, 1921, the defendant, with knowledge of all the facts, undertook to act as trustee for plaintiff's decedent. Assuming, but not deciding, that such instrument did not create a valid trust, the defendant agreed to act thereunder and in reliance upon her promise plaintiff's decedent put into defendant's possession and control the property which was the subject of the trust.

The record contains no proof that the defendant has ever accounted to plaintiff's decedent or to anyone in her behalf.

Without an accounting a court of equity should not permit retention by the defendant of property received from plaintiff's decedent for the admitted purpose of undertaking a trust merely because of the invalidity of the trust instrument under which the defendant assumed her duties. The defendant should not be permitted to escape the duty to account for the property which plaintiff's decedent put into her possession and over which she exercised control both before and after the decedent's

death. What was said for this court by ANDREWS, J., in *Fur & Wool Trading Co., Ltd.,* v. *Fox, Inc.* (245 N. Y. 215, 217–219) applies with equal force to our present problem:

"* * * in certain cases equity will entertain a suit for an accounting. This is so where such a relation exists between the parties as under established principles entitles the one to demand it of the other. (*Schantz* v. *Oakman,* 163 N. Y. 148; *Brown* v. *Corey,* 191 Mass. 189.) A trustee in possession of trust funds may in a proper case be called to account to his *cestui que trust* (*Brinckerhoff* v. *Bostwick,* 105 N. Y. 567), and this rule is enforced as well where the trust is implied as where it is express. (*Hawley* v. *Cramer,* 4 Cow. 717.) * * *

"* * * The method by which equity proceeds in all these cases is to turn the wrongdoer into a trustee. If it may do so for the purpose of subjecting identified funds to the claim of the defrauded party, *I do not see why it should not pursue the same method wherever it is necessary to protect the rights of the original owner.*" (Emphasis supplied.)

" It is not the promise only, nor the breach only, but unjust enrichment under cover of the relation of confidence, which puts the court in motion." (*Sinclair* v. *Purdy,* 235 N. Y. 245, 253.) And see *Foreman* v. *Foreman* (251 N. Y. 237, 242); *Fur & Wool Trading Co. Ltd.,* v. *Fox, Inc., supra,* pp. 217–219); *Bloomquist* v. *Farson* (222 N. Y. 375, 380); 4 Pomeroy's Equity Jurisprudence [5th ed.], §§ 1032, 1042, 1044; Restatement of the Law of Trusts, ch. 12, § 422 at p. 1305.

The judgment entered pursuant to the order of the Appellate Division should be reversed and the case remitted to Special Term to proceed in conformity with the interlocutory judgment entered on the decision of that court, with costs in this court and in the Appellate Division. [See 295 N. Y. 941.]

LOUGHRAN, Ch. J., CONWAY, DESMOND, THACHER, DYE and MEDALIE, JJ., concur.

Judgment accordingly.