Per Curiam.

In this action for a declaratory judgment and other relief including an accounting of funds received by defendant, Special Term has dismissed the complaint without leave to replead on the ground that it sets forth a cause of action at law only, barred by applicable six- or three-year Statutes of Limitations.
The record indicates that of funds of Helen Jandorf, plaintiff’s assignor, $3,100 was transmitted to defendant by a Dutch corporation acting as her agent, to enable a refugee named Neulander escape, during the Nazi persecution, from G-ermany to Cuba; that the fund so transmitted and received by defendant has never been used by defendant for the special purpose for which it was received, and cannot now be so used; and that nevertheless defendant refuses to account or refund the money or the balance thereof that it still holds. As recently as April, 1947, defendant acknowledged that it was still “ holding ” the fund or a remaining balance thereof paid over to it in connection with Neulander.
*633 We think the facts alleged in the present complaint spell out something more than a mere debtor and creditor relationship. In this pleading plaintiff seeks a declaration of the jural rights of the parties and an accounting for funds transmitted to and received by defendant contingently for the benefit of a named beneficiary but, on the happening of certain specified dates and events which have passed or occurred, the fund was thereafter repayable less charges and expenses incurred in connection with the duty imposed on and accepted by defendant. Entrusted with the funds under the circumstances disclosed, defendant should reveal its dealings and account for the balance unused (Marvin v. Brooks, 94 N. Y. 71); and it is not essential to the right of an accounting that a formal trust should exist (Schantz v. Oakman, 163 N. Y. 149; La Vaud v. Reilly, 295 N. Y. 280, 284; Fur & Wool Trading Co. v. Fox, Inc., 245 N. Y. 215, 218; Talmudic Literature Publishers, Inc., v. Lewin, 226 App. Div. 1). The record indicates that defendant received and treated the fund in question as a trust fund for which defendant should account, and on all the facts disclosed a cause of action in equity is a more adequate remedy than an action at law.
Because of claims allegedly made for the fund in question by other parties, plaintiff states that he is joining as additional defendants Charlotte Mayer and Otto Mayer. The fund or the balance thereof is in New York in defendant’s possession. On this record the complaint should not have been dismissed; defendant should answer and disposition of the claims should await development of the issues thus presented.
In a prior action in the City Court, plaintiff sued for the money merely as a debt; the City Court dismissed but without prejudice to an amended complaint and also without prejudice to a suit in equity. Such dismissal is not a bar to this action in the Supreme Court begun in September, 1948, after dismissal of the City Court action.
In view of this disposition of the appeal, it is unnecessary to pass upon other grounds urged by appellant for reversal.
The order appealed from and the judgment entered thereon should be reversed and defendant’s motion to dismiss the complaint denied, with costs and disbursements to appellant.
Peck, P. J., Dore, Cohn, Callahan and Shientag, JJ., concur.
Order, and the judgment entered thereon, unanimously reversed and defendant’s motion to dismiss the complaint denied, with costs and disbursements to the appellant. Settle order on notice.