Per Curiam.

In this action, brought by plaintiff mother against defendant daughter, for an accounting and incidental relief, the trial court found that the mother had turned over to her daughter funds in excess of $12,000, that they were paid in trust, in confidence and for a specific purpose and that the daughter willfully converted and dissipated such funds to her own use. By so doing, she of course violated the fiduciary obligation and duty imposed upon her. Although the trial court was itself able to compute the amount of money to which the mother was entitled, and found it unnecessary to order the accounting which the plaintiff sought, that does not preclude the court from directing and requiring the defendant to pay the funds entrusted to her. In short, the fact that an accounting is not needed to ascertain the amount of the misappropriation will not deprive the plaintiff of the sort of judgment which entitles her to enforce it by contempt proceedings. (See Civ. Prac. Act, § 505, subd. 5). As that Civil Practice Act provision indicates, where the proof establishes that a defendant has acted as a trustee and has converted funds so received, thereby breaching his fiduciary duty, the plaintiff is entitled to a judgment requiring the defendant to pay the money misappropriated. (See Thirteenth Annual Report of N. Y. Judicial Council, 1947, pp. 242-246.)
The judgment herein should be modified by including a recital that the defendant willfully breached her fiduciary duty in converting funds turned over to her as trustee and by inserting a provision requiring the defendant to pay the plaintiff the sum of money found to be due and, as so modified, affirmed, with costs in this court.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Van Voorhis and Burke concur; Judge Froessel concurs in result only.
Judgment modified in accordance with the opinion herein and, as so modified, affirmed, with costs in this court to appellant.