Aleen CHABOT, Plaintiff,

v.

EMPIRE TRUST COMPANY, National Securities & Research Corporation and National Securities Series, Defendants.

Seymour SCHWARTZ, Plaintiff,

v.

NATIONAL SECURITIES SERIES, National Securities & Research Corporation and Empire Trust Company, Defendants.

United States District Court
S. D. New York.
Dec. 15, 1960.

Albert Schlefer, Brooklyn, N. Y., for plaintiff Aleen Chabot.

Rosenthal & Gurkin, New York City, William E. Haudek, of Pomerantz, Levy & Haudek, New York City, of counsel, for plaintiff Seymour Schwartz.

Donovan, Leisure, Newton & Irvine, New York City, Roy W. McDonald and Robert V. Dunn, New York City, of counsel, for defendant Empire Trust Co.

MacMAHON, District Judge.

These are motions in companion actions to stay proceedings until the plaintiff in each action delivers to the defendant Empire Trust Company a bond in the amount of $35,000, to indemnify it for the costs and expenses of defending the actions.

"National Securities Series" is a name used to refer to a Mutual Fund composed of various types of securities. The Fund was organized on June 1, 1940 as a common law trust under the laws of New York by a Trust Agreement executed by the defendant Empire, as Trustee, defendant National Securities & Research Corporation, as Investment-Advisor, and the shareholders of the Fund. The plaintiff in each action owns shares in the Fund, and each signed an obligation to purchase shares "in accordance with the terms of the prospectus," a copy of which was furnished to each shareholder.

The amended complaint in each action alleges that the provisions of the Trust Agreement, under which National Securities & Research Corporation acts as Investment-Advisor, violate Section 15(a)(1) of the Investment Company Act of 1940, 15 U.S.C.A. § 80a-15(a)(1), by failing to specify the precise amount of fees payable to National and that, consequently, the advisory fees paid by Empire to National from the assets of the Fund should be restored by the defendants to the Fund.

The amended complaints also seek restoration of Trustee's fees claiming that Empire fixed its own fees in an amount out of proportion to the services it rendered. Restoration of the fees which National collected from the Fund is also sought on a claim that they were unfair, excessive, and out of proportion to the value of its services.

On the argument, plaintiffs consented to a motion by Empire to dismiss the actions as to National Securities Series on the ground that it is not an entity capable of being sued. A further motion by Empire to strike interrogatories was withdrawn when the interrogatories were recalled by the plaintiffs.

Empire's motions to stay the actions until plaintiffs post security to indemnify Empire for its costs are based on Section 8.10 of the Trust Agreement, which provides:

"§ 8.10. No shareholder and no legal representative of any deceased or incompetent shareholder shall have the right to take any action or proceeding for the partition or winding up of the trust. *No such shareholder or representative shall have the right to an accounting, except upon furnishing indemnity satisfactory to the Trustee against the costs and expenses thereof, including counsel fees,* such indemnity to be payable unless it shall be established that the Trustee has been guilty of fraud, or of misfeasance, or of gross negligence with respect to the performance of duties specifically imposed upon it hereunder, substantially prejudicial to shareholders." (Emphasis added.)

Plaintiffs oppose the motions on two grounds: (1) Section 8.10 is illegal and against public policy, and, consequently, void in that it operates to exculpate the Trustee from liability for misfeasance; and (2) Section 8.10 is inapplicable to these actions since neither is for an "accounting".

Plaintiffs' first objection, that Section 8.10 is illegal, is based on both federal and state law. Plaintiffs contend that under Section 3(a)(1) of the Investment Company Act of 1940, 15 U.S.C.A. § 80a-3(a)(1), the Fund is an investment company, and that Empire is, under Section 2(a)(12) of the Act, 15 U.S.C.A. § 80a-2(a)(12), a director of the company subject to the provisions of Section 17(h) of the Act, 15 U.S.C.A. § 80a-17(h), which invalidates any instrument which has the effect of protecting a director from liability for his "willful misfeasance, bad faith, gross negligence, or reckless disre-

gard of the duties involved in the conduct of his office."

The law of New York also invalidates any provisions purporting to relieve a Trustee of liability for breach of trust. It is apparent, therefore, that Section 8.10 is invalid if it has the effect of relieving Empire from liability for wilful misfeasance, bad faith, gross negligence, reckless disregard of its fiduciary duties, or breach of trust.

Thus, the question is reduced to whether requiring plaintiffs to post security to indemnify the Trustee for its costs in these actions operates to relieve the Trustee of its liability for such proscribed conduct.

The only authority relied on by plaintiffs to establish their premise that a provision such as Section 8.10 operates to exculpate the Trustee from liability for such conduct is a truncated statement from Clarke v. Chase National Bank, 2 Cir., 1943, 137 F.2d 797, 801. In Clarke, the Court of Appeals held that a bankruptcy receiver had no standing to sue an indenture-trustee for breach of its trust obligations owed to certain bondholders. There was no question of the effect of an indemnity provision such as Section 8.10.

■ An examination of Section 8.10, viewed in the light of the entire Trust Agreement, impels the conclusion that it in no way operates to exculpate or protect Empire from liability for wilful misfeasance, bad faith, gross negligence, reckless disregard of its fiduciary duties, or breach of trust.

Section 8.7 of the Trust Agreement relieves the Trustee of liability not for any such proscribed conduct but only for acts done or omitted in "good faith" and "for any cause not within its reasonable control." Plainly, therefore, Empire is not relieved of liability for any of the proscribed acts or omissions envisioned in Section 17(h) of the Investment Company Act of 1940. On the contrary, the challenged provision itself recognizes the Trustee's liability for such misconduct by expressly precluding resort to the indemnity if it is "established that the Trustee has been guilty of fraud, or of misfeasance, or of gross negligence with respect to the performance of [its] duties."

Thus, Section 8.10 of the Trust Agreement, like Section 61–b of the New York General Corporation Law, McKinney's Consol.Laws, c. 23, is designed not to exculpate the Trustee from liability for its own misconduct, but to protect all shareholders from diversion and waste of their trust property resulting from the defense of claims which prove to be without merit. Dalva v. Bailey, D.C.S.D.N.Y.1958, 158 F.Supp. 204, 206.

Surely the ultimate burden of a successful defense should not fall on the other beneficiaries of this trust by depriving them of their express contractual right to indemnity. Their only protection against such depletion of their trust funds is adequate indemnity against groundless claims. This is amply borne out by the experience in comparable stockholder's suits prior to statutes requiring security for cost. See Wood, Survey & Report Regarding Shareholder's Derivative Suits (1944), prepared for the New York State Chamber of Commerce.

■ Plaintiffs' second contention, that the actions are not for an accounting, is also without merit. Both amended complaints allege lack of an adequate remedy at law, thereby stamping these claims as prayers for equitable relief. The equitable remedy of an accounting is available where a fiduciary relationship exists between the parties and there is an allegation of a breach of the duty owed because of that relationship. La Vaud v. Reilly, 1946, 295 N.Y. 280, 67 N.E.2d 242.

■ It is not essential, as plaintiffs contend, that the amount which the Trustee is obligated to restore to a trust fund as a result of a breach of his trust be unliquidated. In Pieper v. Renke, 1958, 4 N.Y.2d 410, 176 N.Y.S.2d 265, 151 N.E. 2d 837, the New York Court of Appeals held that the equitable remedy of an accounting, enforceable by contempt proceedings, is available although the Court itself could readily ascertain the amount involved.

 Even assuming, *arguendo*, that the amount recoverable must be uncertain, plaintiffs concede that Empire would be entitled to fees for its services on a *quantum meruit* basis. Surely such an indefinite basis for determining proper fees undermines any contention that the extent of the excess to be restored is certain and liquidated.

According to plaintiffs, this litigation should proceed as follows: (1) the Court should, after trial, determine that the defendants have violated their fiduciary duties; (2) the defendants should repay all the fees which they have received from the Fund since 1940 which are in excess of $22,000,000; and (3) the defendants should then sue at law, in *quantum meruit*, for the reasonable value of their services over the past twenty years. Such a conception of the actions not only ignores the fact that law and equity are now merged, but does violence to the realities of the situation. Certainly the multiplicity of suits, suggested by plaintiffs neither appeals to a Court of equity nor to the efficient administration of justice. Plainly, regardless of nomenclature, what the plaintiffs are seeking is an accounting; restoration of funds for alleged breach of a trust.

Accordingly, plaintiffs are bound under the express terms of the Trust Agreement to post security to indemnify Empire for its costs in defending these actions.

Plaintiffs do not contest the reasonableness of Empire's present demand for security in the amount of $35,000 in each action. Plaintiffs, however, do object to posting security in regard to their claims against National. Their remedy to avoid the requirements of Section 8.10 is readily available. They may drop their claims against Empire, amend their complaints, and proceed solely against National with the Trustee remaining a formal party to receive the benefits, if any, accruing to the trust estate. Plaintiffs may also be able to relieve themselves of the immediate burden of posting $70,000, which they claim is prohibitive, by choosing to prosecute only one of these nearly identical suits and consenting to the dismissal of the other. Those matters, however, are not before the Court and must be resolved by the subsequent choice of the plaintiffs or the course of the litigation.

The Court, however, does find that Section 8.10 of the Trust Agreement violates neither federal nor state law and explicitly requires plaintiffs to post security to indemnify Empire for the stated items of expense in defending these actions. Accordingly, both actions are stayed pending the posting of security in the amount of $35,000 in each action in the form required by Section 8.10.

Settle order.