CONSOLIDATED MIDDLINGS PURIFIER Co. *v.* WOLF and others.[2]

*(Circuit Court, E. D. Pennsylvania.   October 8, 1886.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT.
   A patentee granting a license to manufacture and sell cannot file a bill upon the patent as for an infringement, upon the failure of the licensee to pay the royalty, unless a condition of forfeiture be inserted in the agreement, but is left to his action for his royalty or rent.
2. SAME—DAMAGES—PROFITS.
   An action merely for an account of profits and damages on a license cannot be maintained in equity. There must be some equitable ground of relief in addition to the mere demand for an account of that kind.

In Equity.
*H. R. Brown* and *R. Mason,* for complainant.
*Charles Howsen* and *Henry Howsen,* for defendants.
Before BRADLEY and McKENNAN, JJ.

BRADLEY, J., *(orally.)*   In the case of *Consolidated Middlings Purifier Company* against *Wolf and others,* we have come to the conclusion that the bill cannot be sustained.

It is founded on an allegation of infringement of the patent, and not on a claim for royalty under the license granted under the patent. As a bill for infringement of the patent we think it cannot be sustained; that the license which was given authorized the defendants to make and sell the middlings purifier machine, and reserved the royalty, to be paid on the manufacture and sale of the machines. The manufacture and sale of machines would naturally, if not necessarily, occur during the month, and, of course, the payment of the royalty at the end of the month was a subsequent matter, and not a condition precedent, and depended on agreement to pay at

---

[2] Reported by C. B. Taylor, Esq., of the Philadelphia bar.

the end of the month upon the return of the number of machines and the kind of machines manufactured and sold. This aspect of the license demonstrates that it was an absolute license to manufacture and sell. Now, we are clearly of opinion that under such a license the failure to pay the royalty stipulated and agreed to be paid does not forfeit the license, unless some condition of forfeiture for non-payment be inserted in it, and that the power to manufacture and sell is not at an end upon non-payment, but that the licenser, the patentee, or person granting the license, is left to his action for the royalty or rent, and cannot file a bill upon the patent as for an infringement.

It is contended, however, that by a certain clause in the license the complainant may resort to the patent, on the ground that the parties defendant have acted outside of their license, not only manufacturing and selling machines, but granting the right to use them. The clause is as follows: "Unless said Wolf and Hamaker elect to sell with license to use, which they may do on payment of the license fee, which is in all cases a condition precedent." All that the defendants have done, according to our view of the evidence in the case, is to manufacture and sell; and that they have done in pursuance of their license. The consequences which result from such manufacture and sale in giving to the purchaser a right to use, are consequences for which the defendants are no more answerable than the complainants who gave the license in the form in which it stands. We therefore think that there is nothing in the license itself, or on its face, which authorizes the complainant, under the circumstances of this case, to file a bill for the infringement of the patent.

The next question is whether the complainant may in this suit recover royalties under the license; it being shaped and framed as a suit for infringement of patent, for profits realized by defendants, and damages sustained by complainant. Without stopping to inquire whether a suit for royalty under a partial license may be joined with a suit for an infringement of patent for acts done outside of the license, we think that in this case the bill is so clearly based on the allegation of infringement, and the causes of action are so distinct from one another, that some claim should have been made in the bill for a decree under the license in order to enable the complainants to have a decree for the royalty. But we doubt whether that would have been sufficient. A suit for royalty on a license is a suit at common law, or, if in equity, it is a suit on general equity, not dependent at all upon the patent law, and not within the jurisdiction of the circuit court of the United States, unless the parties are citizens of different states. So that, if the suit, as to the allegation of infringement of patent, and the claim for damages and profits for that cause, fails, and it remains simply a suit on the license for the royalty, the question arises whether the circuit court, as a court of equity, would have jurisdiction.

There is no difficulty about citizenship. The complainants are citizens of Michigan, and the defendants are citizens of Pennsylvania. This court, therefore, would have jurisdiction of the case, if an ordinary court of equity would have jurisdiction. But the supreme court of the United States, in the case of *Root* v. *Railroad Co.*, 105 U. S. 189, have, after much consideration, held that a suit merely for an account of gains, profits, and savings on a license cannot be maintained in equity. There must be something more. There must be some equitable ground of relief in addition to the mere demand for an account of that kind. In view of the decision in the case referred to, we are satisfied that the cause of action on the license is not within the equitable jurisdiction of the court, and therefore, if there had been a prayer in this bill for relief on the license for a recovery of the royalty, I do not think it could have been maintained. If that were all that was lacking, perhaps we ought to allow the complainants to amend their bill. Still, if it were amended, I do not see how, under the decision in *Root* v. *Railroad Co.*, we could sustain the bill.

The bill is therefore dismissed, without prejudice to the complainants as to the rights they may have under the license.