Leon **KIRSCHNER** and Henry **Naftulin**, individually and as co-partners, trading as K–N Enterprises, Appellants,

v.

**WEST COMPANY.**

No. 13272.

United States Court of Appeals Third Circuit.

Argued Jan. 26, 1961.

Re-argued Nov. 13, 1961.

Decided Feb. 23, 1962.

Harry R. Kozart, Philadelphia, Pa. (Weissman & Kozart, Philadelphia, Pa., on the brief), for appellants.

Theodore Voorhees, Philadelphia, Pa. (John T. Subak, Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN, KALODNER, STALEY, HASTIE, GANEY and SMITH, Circuit Judges.

KALODNER, Circuit Judge.

In July 1952, the plaintiffs, inventors and developers of a coating composition for application to rubber or synthetic bottle closures or stoppers used by the pharmaceutical industry, entered into an agreement with the defendant company granting it an exclusive license to use their formula and method of application.

In January 1960, plaintiffs brought an action in the court below[1] against defendant seeking an accounting of royalties due under the agreement and an accounting and damages for defendant's alleged use of plaintiffs' coating composition formula in violation of confidential disclosures made to defendant by plaintiffs. The allegations of the complaint will be later stated in fuller detail.

Defendant moved to stay the proceedings pending arbitration provided for in the 1952 agreement and the court below granted its motion under the provisions of Section 3 of the United States Arbitration Act.[2] In doing so the court below found that the contract "evidences a transaction involving 'commerce' as that term is now defined by the Supreme Court".[3]

Plaintiffs filed the instant appeal from the stay order entered below on these grounds: (1) the contract provided for arbitration pursuant to Illinois law and the courts of that state have held that an agreement to arbitrate is revocable, and bringing suit is a revocation of the contract,[4] and accordingly the arbitration provision of the contract is unenforceable, and (2) the United States Arbitration Act may not be invoked in a diversity case to compel arbitration under the arbitration provision of a contract which is unenforceable in the state where the contract was entered into.

Defendant in reply urges (1) the United States Arbitration Act applies to diversity actions since it is "federal substantive law", and (2) if the Act is inapplicable, the stay order nevertheless is valid under Pennsylvania law—the state of the forum.

While the issues as stated are deemed by the parties to this appeal to be critical to its resolution we are first met with the problem as to whether we have jurisdiction in the instant case.

Applicable to the issue as to whether appellate jurisdiction exists are these settled principles:

An order granting a stay pending arbitration is analogous to an injunctive order which is interlocutory in nature and consequently not appealable as a final decision under § 1291, 28 U.S.C.;[5] appealability exists, however, under § 1292(a)(1), 28 U.S.C., when such a stay is granted (or denied) in an action at law; appealability does not exist under § 1292(a)(1) when a stay is granted (or denied) in an action in equity since the grant (or denial) is merely a step in the control of the litigation. Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955); Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 293 U.S. 449, 451, 55 S.Ct. 95, 79 L.Ed. 647 (1935).

The principles stated require a determination as to whether the action in the instant case is one at law or in equity. This determination is governed by federal law. Robinson v. Campbell, 3 Wheat. 212, 16 U.S. 212, 4 L.Ed. 373 (1818).[6]

1. Federal jurisdiction is based on diversity of citizenship. Plaintiffs are citizens of Illinois; defendant is a Pennsylvania corporation.

2. 9 U.S.C. §§ 1–14.

3. The opinion of the District Court is reported at 185 F.Supp. 317 (E.D.Pa. 1960).

4. McKenna Process Company of Illinois v. Blatchford Corporation, 304 Ill.App. 101, 25 N.E.2d 916 (1940), citing Cocalis v. Nazlides, 308 Ill. 152, 156, 139 N.E. 95 (1923).

5. Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 456, 55 S.Ct. 475, 79 L.Ed. 989 (1935).

6. And see Ettelson v. Metropolitan Life Ins. Co., 137 F.2d 62 (3 Cir. 1943), cert. den. 320 U.S. 777, 64 S.Ct. 92, 88 L.Ed. 467 (1943); Hering Realty Company v. General Construction Co., 272 F. 2d 371, 373 (4 Cir. 1959).

The complaint here alleges that plaintiffs, inventors and developers of a coating composition to be applied to rubber closures which are used with pharmaceutical preparations, entered into an agreement granting defendant an exclusive license to "make, use and apply the said coating composition for use in connection with rubber or synthetic closures used by the pharmaceutical industry. \* \* \*" The agreement provided that defendant would pay to plaintiffs the sum of $1,000 and in addition thereto, a royalty based either on a percentage of the charge made by defendant to its customers for applying the coating material or on the number of closures coated by defendant, whichever is the greater amount. Defendant agreed to keep accurate books and records and to furnish to plaintiffs each month a report covering the shipment and sale of coated closures during the preceding month. Royalties were to be paid for each monthly period on the tenth of the month following the submission of the report for that period. It was further provided that the method of applying the coating composition and the formula of the composition were to be treated as confidential disclosures. The complaint further alleges that royalties have become due and owing to plaintiffs; that "defendant, in violation of said confidential disclosures and of the aforesaid agreement, did convert and appropriate to its own use and advantage, without properly accounting to plaintiffs for the royalties due them"; that defendant has failed and refused to pay to plaintiffs the royalties to which they are entitled; that plaintiffs have demanded of defendant an accounting of all royalties due them pursuant to the agreement; and that defendant has failed and refused to account to them. After reciting the foregoing allegations in paragraphs 1 through 11, the complaint continues as follows:

*"Count No. 1*

"12. Incorporating herein by reference paragraphs 1 to 11 inclusive, plaintiffs aver that defendant did breach the aforesaid contract, and

has thereby become liable to plaintiffs for damages, and for an accounting of all sums due by defendant to plaintiffs.

*"Count No. 2*

"13. Incorporating herein by reference paragraphs 1 to 11 inclusive, plaintiffs aver that defendant obtained the confidential disclosures hereinbefore referred to, and in violation of the confidence reposed in it by plaintiffs, converted and appropriated said confidential disclosures to its own use and advantage, and has thereby become liable to plaintiffs for damages, and for an accounting of all sums due by defendant to plaintiffs.

"WHEREFORE, plaintiffs pray your Honorable Court:

"(a) Order and decree that defendant account to plaintiffs for all royalties and damages due by it to plaintiffs.

"(b) Enter judgment in favor of plaintiffs and against defendant for the royalties and damages aforesaid, in the sum of $250,000 together with interest, costs and reasonable counsel fee."

While the complaint is not a model of clarity, plaintiffs appear to be seeking recovery on the basis of two alleged wrongful acts by defendant: (1) failure to pay royalties due under the agreement, and (2) improper use of the confidential disclosures.

■ A prayer for an accounting will not, in itself, render a complaint cognizable in equity. Root v. Railway Co., 105 U.S. 189, 26 L.Ed. 975 (1882). "There must be some equitable ground of relief in addition to the mere demand for an account \* \* \*." Consolidated Middlings Purifier Co. v. Wolf, 28 F. 814, 816 (C.C.E.D.Pa.1886). Pomeroy, in his treatise on equity, states:

"The instances in which the legal remedies are held to be inadequate, and therefore a suit in equity for an accounting proper, are: 1. Where

there are mutual accounts between the plaintiff and the defendant * *

"2. Where the accounts are all on one side, but there are circumstances of great complication, or difficulties in the way of adequate relief at law. * * *

"3. *Where a fiduciary relation exists between the parties, and a duty rests upon the defendant to render an account.*" (emphasis supplied)

4 Pomeroy, Equity Jurisprudence § 1421 (5th ed. 1941). Statements in a number of cases indicate that the existence of a fiduciary or confidential relationship between the parties will sustain the jurisdiction of equity to grant an accounting. Ellis v. Davis, 109 U.S. 485, 494, 3 S.Ct. 327, 27 L.Ed. 1006 (1883); Valdes v. Larrinaga, 233 U.S. 705, 709, 34 S.Ct. 750, 58 L.Ed. 1163 (1914); Goffe & Clarkener, Inc. v. Lyons Milling Co., 26 F.2d 801 (D.Kan.1928), aff'd on other grounds, 46 F.2d 241, 83 A.L.R. 501 (10th Cir.1931); Chabot v. Empire Trust Co., 189 F.Supp. 666 (S.D.N.Y.1960), motion to dismiss appeals denied, Chabot v. National Securities Series & Research Corp., 290 F.2d 657 (2d Cir.1961); Colonial & United States Mortgage Co. v. Hutchinson Mortgage Co., 44 F. 219, 223 (C.C.S.D.Iowa 1890); cf. Clews v. Jamieson, 182 U.S. 461, 480, 21 S.Ct. 845, 45 L.Ed. 1183 (1901).

■ It appears that one of the grounds upon which jurisdiction has been exercised by courts of equity to award relief where a trade secret has been used in violation of a confidence is the jurisdiction of equity over relationships involving trust or confidence. See Allen-Qualley Co. v. Shellmar Products Co., 31 F.2d 293 (N.D.Ill.1929), aff'd 36 F.2d 623 (7th Cir.1929). Of course, when a demand for an accounting is coupled with a prayer for an injunction, the accounting can be considered as merely incidental to the injunctive relief. However, one writer, in discussing trade secrets, has stated that a suit may be brought in equity for an accounting without asking for an injunction. 2 Walker, Patents § 221 (1937) (citing Booth v. Stutz Motor Car Co., 56 F.2d 962 (7th Cir. 1932)). It has also been said that:

"* * * the power of the equity courts to protect rights in trade secrets, whether they be property rights or rights founded on trust or confidence, is well established. The power to protect such property or rights founded on confidence, is a part of the original jurisdiction of chancery, independently of any rights which the injured party may have at law. It has power to prevent any act which the court considers to be a wrong, whether the wrong arises from violation of a right or from a breach of confidence."

Nims, Unfair Competition and Trade-Marks § 141 (4th ed. 1947). And Professor Scott, in his treatise on the law of trusts, states :

"It is not within the scope of this treatise to consider the extent to which trade secrets are protected, whether by injunction, suits for accounting, or other remedies. It is sufficient to state that where a person in a confidential or fiduciary position in breach of his duty uses his knowledge to make a profit for himself, he is accountable for such profit, and if he has such profit in his hands he is chargeable as constructive trustee thereof."

4 Scott, Trusts, § 505.1 (2d ed. 1956).

What has been said compels us to the conclusion that the plaintiffs' claim, prior to the fusion of law and equity, would have "sounded" in equity and accordingly, under the teaching of Baltimore Contractors v. Bodinger, supra, the stay of proceedings ordered by the court below is not appealable under § 1292(a) (1).

For the reasons stated the appeal will be dismissed.