CITIZENS FOR A BETTER ENVIRON-MENT, Marc B. Anderson and Larry Hoellwarth, Plaintiffs-Appellants,

v.

CITY OF PARK RIDGE et al., Defendants-Appellees.

No. 75–1587.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 2, 1975.

Decided Sept. 8, 1975.*

---

14. Only one of these identifications was made with any reservation.

* This appeal was originally decided by unreported order on September 8, 1975. *See* Circuit Rule 35. The Court has subsequently decided to issue this order as a per curiam opinion.

**690**

Helga E. Huber, Michael R. Berman, Chicago, Ill., for plaintiffs-appellants.

Albert A. Klest, Park Ridge, Ill., for defendants-appellees.

Before CUMMINGS, PELL and STEVENS, Circuit Judges.

PER CURIAM.

Appellant Citizens for a Better Environment (CBE) has limited this appeal to a denial of a preliminary injunction against the City of Park Ridge, Illinois, and the Park Ridge Chief of Police. The other communities and officials who were defendants in the district court are not involved in this appeal.

CBE, a non-profit Illinois corporation registered with the Illinois Attorney General's Office of Charitable Trusts, is allegedly a citizens' environmental group that engages in dissemination of information, education programs, research and investigation concerning environmental issues and litigation of pollution complaints. A major part of its activities is carried on by a door-to-door canvass in the Chicago area. CBE informs the public of its activities, discusses environmental problems, and solicits financial contributions.

At issue on appeal is a City of Park Ridge ordinance (14–1–2), which in pertinent part, prohibits

. . . soliciting, begging or requesting alms, gifts, donations or contributions for charitable purposes not having been requested or invited or authorized so to do by the owned [sic] or owners, occupants of said residences.

Each violation of this ordinance is punishable by a fine of not less than $100.00 nor more than $500.00.

CBE brought suit in the district court seeking declaratory relief and a preliminary and permanent injunction against enforcement of the ordinance, contending that it violated its First Amendment right of free speech. The district court denied the preliminary injunction after a hearing. Although the court did not indicate its reasoning on the issues involved in the case, it is apparent that the court felt that CBE had not been denied its First Amendment rights by the ban on solicitation for funds in Park Ridge. A fortiori, for purposes of the preliminary injunction, the district court must have felt that CBE had no chance of prevailing on the merits.

This case is decided without oral argument by stipulation of the parties. On the record and the briefs, we reverse.

Jurisdiction in this case is based on 42 U.S.C. § 1983, and 28 U.S.C. § 1343(3), against defendant Police Chief, and on 28 U.S.C. § 1331, against defendant City of Park Ridge. Since the Park Ridge City Council members have apparently been named as defendants for the first time on appeal, we dismiss the appeal as to them.

In determining whether to grant a preliminary injunction, the district court must balance the probability of ultimate

success at the final hearing with the consequences of immediate irreparable injury possibly stemming from denial of the injunction. *Scherr v. Volpe*, 466 F.2d 1027, 1030 (7th Cir. 1972). The standard of review in an appeal from the denial of a preliminary injunction is whether the district court abused its discretion. *Id.*

We are satisfied in this case that CBE established both that it would suffer irreparable injury from the denial of the injunction and that it had a substantial likelihood of prevailing on the merits.

■■■ Initially, it must be noted that this Court has previously held that even the temporary deprivation of First Amendment rights constitutes irreparable harm in the context of a suit for an injunction. *Schnell v. Chicago*, 407 F.2d 1084, 1086 (7th Cir. 1969). Moreover, the requirement of irreparable harm in the sense of ripeness, *see,* e. g., *Boyle v. Landry*, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971), is satisfied in this case. CBE alleged that one of its canvassers was arrested under the ordinance in March. Although the Park Ridge City Attorney denied that he had ever prosecuted anyone under the ordinance, he did concede that someone might have voluntarily paid the fine and been released without his knowledge. We conclude that CBE has made a sufficient showing that it would suffer irreparable harm from the denial of the preliminary injunction.

Second, CBE has made a strong showing that it has a substantial likelihood of success on the merits. However, in reaching this conclusion it is important to recognize at the outset what this case does *not* entail. This case does not present the issue of whether once a person has actively expressed his opposition to solicitation—e. g., a homeowner posts a "No Trespassing" sign—a canvasser who ignores such a directive can be prosecuted for trespass. The constitutionality of such an ordinance was upheld against a First Amendment attack in *Hall v. Commonwealth*, 188 Va. 72, 49 S.E.2d 369, *appeal dismissed sub nom., Hall v. Virginia*, 335 U.S. 875, 69 S.Ct. 240, 93 L.Ed. 418, *reh. den.*, 335 U.S. 912, 69 S.Ct.

480, 93 L.Ed. 445 (1948). *See also Rowan v. United States Post Office Dept.*, 397 U.S. 728, 90 S.Ct. 1484, 25 L.Ed.2d 736 (1970); *Martin v. Struthers*, 319 U.S. 141, 147–148, 63 S.Ct. 862, 87 L.Ed. 1313 (1943). In fact, appellant urges on appeal that a less drastic means of achieving Park Ridge's purpose would be to allow homeowners to post "no trespassing" signs if they did not desire to receive canvassers, with trespassers punished by the state.

What is at issue in this case is whether in the absence of the communicated desire of a property owner not to receive canvassers, the state can nevertheless prohibit door-to-door solicitation of funds. Since at common law the presence of a knocker or a bell on the door signified a license to attempt entry, justifying initial entry by solicitors and peddlers, *Breard v. Alexandria*, 341 U.S. 622, 626, 71 S.Ct. 920, 95 L.Ed. 1233 (1951), 60 Am.Jur.2d *Peddlers, Solicitors and Transient Dealers* § 57 (1972), the question is whether Park Ridge can abrogate this implied license for solicitors of funds for charitable purposes without violating the First Amendment.

There is support for the proposition that door-to-door dissemination of information alone, e. g., leaflets and circulars, absent fund-raising, is protected First Amendment activity. In *Martin v. Struthers, supra,* the Court struck down an ordinance that forbade anyone ". . . to ring the door bell, sound the door knocker, or otherwise summon the inmate or inmates of any residence to the door for the purpose of receiving handbills, circulars . . . ." 319 U.S. at 142, 63 S.Ct. at 863. Mr. Justice Black, speaking for the majority, stated

The dangers of distribution can so easily be controlled by traditional legal methods leaving to each householder the full right to decide whether he will receive strangers as visitors, that stringent prohibition can serve no purpose but that forbidden by the Constitution, the naked restriction of the dissemination of ideas. *Id.* at 147, 63 S.Ct. at 865.

Moreover, there is authority for the proposition that canvassing for funds door-to-

door in conjunction with dissemination of information is also protected by the First Amendment. In *Schneider v. Irvington*, 308 U.S. 147, 163, 60 S.Ct. 146, 84 L.Ed. 155 (1939), the Court struck down an ordinance that required registration with the Chief of Police and a burdensome examination, including fingerprinting, of anyone who desired to canvass, solicit, or otherwise go door-to-door in the community. Although the case may be narrowly read to reject unbridled discretion in the Chief of Police, its reasoning also supports the conclusion that a blanket prohibition against canvassing violates the First Amendment.

The case relied on by the defendants, *Breard v. Alexandria*, 341 U.S. 622, 71 S.Ct. 920, 95 L.Ed. 1233 (1951), is inapposite. In *Breard*, the Court stressed the commercial nature of the activity in upholding an ordinance which barred, among other things, the door-to-door solicitation of magazine subscriptions. Here, defendants-appellees do not deny that CBE is a non-profit environmental group, and hence *Breard* is not applicable.

■ There are certain legally acceptable things the state may do in dealing with canvassing and door-to-door distribution of literature. It may impose reasonable regulations, e. g., limiting it to certain hours, *Martin v. Struthers, supra*, 319 U.S., at 147, 63 S.Ct. 862. In the case of purely commercial canvassing, it may even impose a blanket prohibition, *Breard v. Alexandria, supra*. But in the case of a non-profit group that expresses essentially political ideas, it may not impose a blanket prohibition on canvassing for funds. While we fully recognize that the protection of the homeowners' privacy and the prevention of crime are valid and significant state purposes, it is nevertheless clear that these objectives do not justify the unnecessarily broad restraint on the communication of ideas which results from the Park Ridge ordinance at issue.

We hold that the district court abused its discretion in denying appellant's motion for a preliminary injunction. The judgment of the district court denying the preliminary injunction is reversed.

REVERSED.