**Frank COLLIN, Plaintiff,**

v.

**Patrick J. O'MALLEY et al., Defendants.**

**No. 76 C 2024.**

United States District Court,
N. D. Illinois, E. D.

June 29, 1978.

---

2. As to noise at least, other devices are specified. 29 C.F.R. § 1910.95.

578

David Goldberger, Roger Baldwin Foundation ACLU, Chicago, Ill., for plaintiff.

Richard J. Troy, Chicago, Ill., for defendants.

Memorandum

LEIGHTON, District Judge.

This is an emergency motion for stay of an order which this court entered on June 22, 1978 directing defendants to issue to plaintiff, instanter, a permit that would allow him to hold a public assembly in Marquette Park in the city of Chicago, as requested by him in an application filed with the Chicago Park District April 28, 1978. Rule 8(a) of the Federal Rules of Appellate Procedure provides, in its pertinent part, that "[a]pplication for a stay of the judgment or order of a district court pending appeal, . . . must ordinarily be made in the first instance in the district court. A motion for such relief may be made to the court of appeals or to a judge thereof, but the motion shall show . . . that the district court has denied an application . . . , with the reasons given by the district court for its action." Accordingly, the court states the reasons for its action on this motion for a stay.

On July 29, 1977, after making findings of fact and reaching conclusions of law, this court declared unconstitutional a Chicago Park District ordinance, administered by the individual defendants, that required plaintiff to post public liability insurance in a sum of not less than $100,000.00 but not more than $300,000.00, and property damage insurance in the sum of $50,000.00 before he can have a permit to go to a public park under defendants' administration and there conduct an assembly of more than 75 people. Defendants were permanently enjoined from enforcing the ordinance. The court's intent in granting injunctive relief was to enjoin defendants from using insurance requirements and thus from violating plaintiff's rights under the First Amendment to the constitution of the United States.

On June 22, 1978, plaintiff made a motion to modify the July 29, 1977 injunction decree because since its entry defendants have modified their requirements and now de-

mand that for the same purpose plaintiff provide $10,000/$50,000 in public liability and $10,000 in property damage insurance. Plaintiff and those like him, persons, groups or organizations espousing controversial political or social views and ideas, cannot obtain this coverage in the insurance marketplace. And after questioning counsel from the bench, this court became satisfied that defendants cannot controvert this fact; nor will they be able to defend the insurance coverage demands they are now making of the plaintiff.

For these reasons, this court entered the supplemental findings and order of June 22, 1978. This was after it had made findings and reached conclusions from the bench all indicating that defendants were violating constitutionally protected rights of the plaintiff. This court recalled that for what appears to be an interminable period of time, this plaintiff has been litigating with defendants his right to enjoy his First Amendment privileges at public parks administered by them. *See Frank Collin v. Patrick J. O'Malley, et al.,* Dkt. No. 76 C 2024 (N.D.Ill. filed June 1, 1976); *Collin v. Chicago Park District,* 460 F.2d 746 (7th Cir. 1972), a case that arose in April 1971. It concluded that at a hearing of his motion to modify the injunction decree, plaintiff would be able to show that defendants have been depriving and are depriving plaintiff of his constitutionally protected rights to go to a public park and there exercise his First Amendment privileges; and that it was necessary that this court act to give effective protection to these constitutional rights. For these reasons, it ordered issuance to plaintiff, instanter, of the permit to hold a public assembly in Marquette Park as requested in his application filed with the Chicago Park District on April 28, 1978.

■ When an application for stay of a district court order is made, the criteria to be employed in deciding whether it should be granted are much the same as would be employed on application to the district court for a preliminary injunction. *See* 11 Wright & Miller, Federal Practice & Proce-

dure, Civil § 2904 (1973); *compare Fern v. Thorp Public School,* 532 F.2d 1120, 1130 (7th Cir. 1976). And the factors to be considered in the district court are the same a court of appeals would take into account in deciding whether to issue a stay pending appeal. These factors are: (1) strong showing that movants are likely to succeed on the merits; (2) showing by movants that unless a stay is granted they will suffer irreparable harm; (3) whether a stay will substantially harm other parties to the litigation; and (4) that it is in the public interest to grant the stay. *Adams v. Walker,* 488 F.2d 1064 (7th Cir. 1973); *Belcher v. Birmingham Trust National Bank,* 395 F.2d 685 (5th Cir. 1968); *Griffin v. Richardson,* 346 F.Supp. 1226, 1232 (D.Md.), aff'd, 409 U.S. 1069, 93 S.Ct. 689, 34 L.Ed.2d 660 (1972); *Bauer v. McLaren,* 332 F.Supp. 723, 729 (S.D.Iowa 1971); Rule 62, Fed.R.Civ.P.; 7 Moore's Federal Practice ¶ 62.05 at 62–24 —62–25 (2d ed. 1975).

■ In the judgment of this court, defendants have not met the test of these factors. Moreover, "where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief. And it is also well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done." *Bell v. Hood,* 327 U.S. 678, 684, 66 S.Ct. 773, 777, 90 L.Ed. 939 (1946) (footnotes omitted); *see Donahue v. Staunton,* 471 F.2d 475, 483 (7th Cir. 1972), cert. denied, 410 U.S. 955, 93 S.Ct. 1419, 35 L.Ed.2d 687 (1973); *compare Webster v. Redmond,* 443 F.Supp. 670, 677 (N.D.Ill.1977). This court bears in mind, as the court of appeals for this circuit has held, that the temporary deprivation of First Amendment rights constitutes irreparable harm in the context of a suit for an injunction. *Citizens for a Better Environment v. City of Park Ridge,* 567 F.2d 689, 691 (7th Cir. 1975); *Schnell v. Chicago,* 407 F.2d 1084, 1086 (7th Cir. 1969). It appears that defendants persist on a dubious practice by

the simple device of changing the amount of insurance they demand of the plaintiff before allowing him, those with him, as well as others like him, to go to a public park and there enjoy rights guaranteed him by the federal constitution. This court must act; it did so in the order it felt compelled to issue on June 22, 1978. It would be inconsistent with that order for issuance of the permit that would allow plaintiff to hold a public assembly in Marquette Park on July 9, 1978 to be delayed by a stay. Therefore, defendants' motion for a stay of this court's order of June 22, 1978 is denied.

So ordered.