**SENTRY INSURANCE, a Mutual Company**

v.

**David Alan PEARL.**

**Civ. A. No. 86–4401.**

United States District Court, E.D. Pennsylvania.

May 13, 1987.

---

John Gerard Devlin, Louis J. Mairone, Philadelphia, Pa., for Sentry Ins.

Frederic I. Weinberg, Philadelphia, Pa., for David Alan Pearl.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

David Alan Pearl ("Pearl") filed a claim for uninsured motorist benefits with his insurer, Sentry Insurance ("Sentry"), for losses caused by an accident he claims occurred on May 15, 1985. Sentry alleges that Pearl's application for insurance coverage contained material misrepresentations, and that Pearl's accident report was false. Sentry filed a complaint seeking a judgment "declaring that ... Sentry ... is not obligated to defendant ... in any amount, and that the uninsured motorist coverage of the policy ... is suspended and is not available to this particular defendant in this cause."

In a motion to dismiss, Pearl argued, *inter alia*, that this dispute is subject to arbitration under the terms of the contract. We held oral argument on the motion to dismiss, and we agreed that the dispute is arbitrable. Treating this aspect of Pearl's motion to dismiss as a motion to stay this action pending arbitration, we granted a stay of this action pending contractual arbitration in an order dated February 9, 1987.

Sentry has appealed our February 9 order to the United States Court of Appeals for the Third Circuit, and has filed with this court a motion to stay the February 9 order pending disposition of the appeal. Under Fed.R.App.P. 8(a), it is proper for Sentry to initiate its request for a stay with this court.

We note as an initial matter that our February 9 order did not, by its own terms, compel arbitration. The order did no more than stay proceedings in the district court. A *stay* of such an order, it would seem, would require that proceedings in the district court go forward. But proceedings in the district court cannot, with narrow exceptions (application for relief under Rule 62 being one), go forward while this case is on appeal. But we doubt that Sentry now asks this court to stay the stay of proceedings in this court. Rather, we shall proceed on the assumption that Sentry has interpreted our February 9 order as both staying proceedings in this court *and* requiring Sentry to participate in arbitration proceedings—an interpretation we find most reasonable. We understand Sentry to be requesting a modification of our February 9 order, suspending the requirement that arbitration proceedings go forward.

■ An order granting a stay pending arbitration is injunctive in nature. *Kirschner v. West Company*, 300 F.2d 133, 134 (3d Cir.1962).[1] A party appealing an

---

1. Not all such injunctive orders are appealable, however. *See Kirschner*, 300 F.2d at 134; see also the discussion of the Enelow-Ettelson doctrine in this Memorandum.

injunctive order is not entitled to a stay as of right upon posting a supersedeas bond. *Cf.* Fed.R.Civ.P. 62(d). Rather, Rule 62(c) provides that

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court *in its discretion* may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

(emphasis added).

■ The criteria to be considered by a court in exercising its discretion under Rule 62(c) to stay an injunctive order are generally taken to be similar to the criteria underlying the court's decision to grant or deny preliminary injunctive relief. The party seeking relief must show that it is likely to succeed on appeal, that irreparable injury will flow from a failure to grant the relief sought, and that other parties and the public will not be substantially injured if the relief is granted. *See, e.g., Collin v. O'Malley,* 452 F.Supp. 577, 579 (N.D.Ill. 1978); *Bauer v. McLaren,* 332 F.Supp. 723, 729 (S.D. Iowa 1971). *See generally* 11 Wright & Miller, Federal Practice and Procedure § 2904 at 316 (1973). *See also* 7 Moore's Federal Practice ¶ 62.05 at 62–28 & n. 16 (discussing circumstances in which a district court might conclude that the party appealing an injunction is likely to prevail on the appeal).

The court in *Graphic Communications Union v. Chicago Tribune Co.,* 779 F.2d 13 (7th Cir.1985) applied these criteria to an application by an employer for a stay pending appeal of an order compelling labor arbitration. The court held that it did not need to consider likelihood of success of the appeal, because the requirement that the party seeking a stay will suffer irreparable harm if the stay is denied had not been met. The court stated:

> We are not gifted with prevision, and therefore we decline to say that a party ordered to arbitrate can never show irreparable harm such as might support a request that the order be stayed pending

appeal. But we are confident that such cases will be extraordinarily rare....

*Id.* at 16. A finding that a party will be irreparably harmed by proceeding with arbitration would, the court held, "fly in the face of the strong federal policy in favor of arbitrating disputes in general and labor disputes in particular," and "make a mockery of arbitration as a swift and effective remedy." *Id.* at 15. In *Stateside Machinery Co., Ltd. v. Alperin,* 526 F.2d 480 (3d Cir.1975), the Third Circuit expressed the same view in a somewhat different context. In concluding that the decision of a district court to deny a motion to stay arbitration is not appealable, the court held:

> There is no question but that such a motion seeks what is in form an injunction. On the other hand, the harm which may result from denial of the motion hardly seems irreparable. Any duty to arbitrate is necessarily contractual in origin. Thus by definition we are dealing with a situation in which the party resisting arbitration appears prima facie to have agreed to the procedure at least in certain circumstances. If the arbitrators decide more than the contract of the parties committed to them the court in a subsequent enforcement proceeding will afford judicial review. The cost of participating in a proceeding which may ultimately be set aside is not the kind of injury against which § 1292(a)(1) is intended to guard. Since the relative speed and economy of arbitration are generally regarded as major incentives to the election of that form of conflict resolution as an alternative to judicial proceedings, we do not believe that the sums occasionally wasted on arbitration are likely to prove of sufficient magnitude to cause irreparable harm.

*Id.* at 484 & n. 13.

■ We think that the observations made by the court in *Stateside Machinery* are also applicable to the question of whether a party who *is* entitled to appeal an order staying court proceedings pending arbitration may claim that it will suffer irreparable injury if required to participate in arbitration during the pendency of the

appeal. Under what has been called the "Enelow-Ettelson" doctrine, a district court's stay of court proceedings is appealable as an order granting an injunction under 28 U.S.C. § 1292(a)(1) if the stayed proceedings are legal rather than equitable in nature. See *Ettelson v. Metropolitan Life Insurance Co.*, 317 U.S. 188, 191–92, 63 S.Ct. 163, 164, 87 L.Ed. 176 (1942); *Enelow v. New York Life Insurance Co.*, 293 U.S. 379, 382–83, 55 S.Ct. 310, 311, 79 L.Ed. 440 (1935). This doctrine has been applied to stays of proceedings pending arbitration. *See Stateside Machinery, supra*, 526 F.2d at 484–85; *Kirschner v. West Company*, 300 F.2d 133, 134 (3d Cir.1962). In the case before us, it would appear from Sentry's citation of *Merritt-Chapman & Scott Corp. v. Pennsylvania Turnpike Commission*, 387 F.2d 768 (3d Cir.1967), that Sentry relies on the Enelow-Ettelson doctrine as the basis for its appeal. But the logic of this doctrine does not, in our view, require the conclusion that a party whose legal proceedings have been stayed pending arbitration suffers irreparable injury by being required to participate in arbitration. We remain open, as did the court in *Graphic Communications*, to the possibility that a party might under special circumstances be able to demonstrate irreparable injury. But no such showing has been made by Sentry.[2]

It might well be argued, however, that it is inappropriate in a case such as this to deny a stay pending appeal because standards for granting preliminary injunctive relief are met. In the ordinary case in which Rule 62(c) is invoked, a court has granted an injunction because it has found that the victorious party would otherwise suffer irreparable harm. *See generally* Fiss, *Injunctions* at 9 (1972). In such a case, the purposes of the underlying injunction may well be undermined unless requests by the losing party to suspend or modify the injunction pending appeal are evaluated on the same standard. But a stay of proceedings pending arbitration, albeit characterized as injunctive, *see Kirschner, supra*, is not predicated on a showing that the party seeking the stay will be irreparably injured if the stay is not granted. Rather, the stay is predicated on a policy, embodied in state and federal legislation, favoring arbitration as a mode of dispute resolution. The same may be said of an order compelling arbitration. In these circumstances, it may well be a more appropriate exercise of the court's discretion under Rule 62(c) simply to ask whether the public interest in enforcing arbitration agreements would be served by halting the arbitration process pending appeal of a court determination that the dispute in question is arbitrable. For the reasons amply canvassed by the cases discussed above, we would conclude that to suspend arbitration pending appeal would, as a general rule, put too great a burden on the arbitration process. Absent a showing by Sentry that its case is exceptional in this regard, we would deny Sentry's motion for a stay pending appeal under this analysis as well.

An order denying Sentry's motion is appended.

### ORDER

For the reasons stated in the accompanying Memorandum, plaintiff's motion for a stay of this court's order of February 9, 1987 pending appeal to the United States Court of Appeals for the Third Circuit is DENIED.

---

**2.** Even if such a showing could be made by Sentry on these facts, we doubt that Sentry could establish that it has a strong chance of prevailing on appeal. Quite apart from the question of how probable it is that the Court of Appeals would find the dispute non-arbitrable, we think there is a substantial doubt that our February 9, 1987 order is appealable at all.

There is good ground for characterizing Sentry's declaratory judgment action, which seeks rescission of the contract, as equitable in nature, with the result that the order staying proceedings pending arbitration would not be saved by Enelow-Ettelson from the general rule that stays of proceedings are not appealable.