541 F.Supp. 765 (1982)
ASSOCIATION OF COMMUNITY ORGANIZATIONS FOR REFORM NOW, etc., et al., Plaintiffs,
v.
CITY OF FRONTENAC, et al., Defendants.
No. 81-681 C (2).
United States District Court, E. D. Missouri, E. D.
June 24, 1982.
*766 John D. Lynn, Chackes & Hoare, St. Louis, Mo., for plaintiffs.
George E. Helfers, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, District Judge.
Plaintiffs brought this action for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 1343 and 2201 et seq. Plaintiffs instituted this suit after defendants enacted a municipal ordinance, which prevented plaintiffs' canvassers from engaging in door-to-door solicitation during the evening hours. Plaintiffs allege that Frontenac Ordinance No. 638, Section 6, which prohibits solicitations altogether on Sundays and legal holidays and allows solicitations only "between the hours of 9:00 a. m. and 6:00 p. m. on all other days,"[1] is in violation of 42 U.S.C. § 1983 and their constitutional rights as guaranteed by the First and Fourteenth Amendments. In this action, plaintiffs request this court to enter a declaratory judgment finding the Frontenac ordinance unconstitutional as applied to their activities, and on its face. In addition, the plaintiffs seek an injunction restraining the defendants from enforcing this ordinance.
This case was tried to this Court sitting without a jury. The Court having considered the pleadings, the testimony of the witnesses, the documents in evidence and the stipulations of the parties, and being fully advised in the premises, hereby makes the following Findings of Fact and Conclusions of Law, as required by Rule 52 of the Federal Rules of Civil Procedure.

FINDINGS OF FACT
1. Plaintiff Association of Community Organizations for Reform Now, a/k/a ACORN [hereinafter "ACORN"] is a nonprofit corporation lawfully operating in Missouri. The Missouri Secretary of State registered ACORN as a "Foreign Not-For-Profit Corporation" on January 11, 1977.
2. ACORN'S purpose, as stated in its charter, is "to advance the interests of low and moderate income people as citizens of the U.S. and their respective communities and states, in every area of their interest and concern." ACORN has a full time staff in the City of St. Louis. Forty-five members of its staff are canvassers who engage in door-to-door canvassing.
3. Defendant City of Frontenac is a municipality existing under the laws of the State of Missouri. The other defendants in this action are the Mayor, Chief of Police, and Aldermen of the City of Frontenac.
4. On July 10, 1974, the Board of Aldermen of the City of Frontenac enacted a Code of Ordinances, which included Chapter 7, Article 1, Section 7-6. The section provided that "[i]t shall be unlawful for any canvasser to engage in the business of peddling within the city between the hours of one-half hour before sunset and 9:00 a. m. the following morning, or at any time on Sundays, except by specific appointment with or invitation from the prospective customer." This ordinance remained in effect until March 10, 1981.
*767 5. The Frontenac ordinance further provided that persons who failed to comply with the time limitations embodied in Chapter 7, Article 1, Section 7-6 were guilty of a misdemeanor and upon conviction were subject to a fine not greater than $500.00, or imprisonment for no longer than 90 days, or both.
6. Mary Colwell is the official in the City of Frontenac with the authority to handle requests and to grant permits to individuals or groups who wish to canvass, solicit or peddle in the City of Frontenac.
7. On January 27, 1981, while Chapter 7, Article 1, Section 7-6 was still in effect, four Acorn canvassers delivered to Ms. Colwell at Frontenac City Hall individual record checks from the St. Louis County Police Department showing that none of them had a police record. After leaving City Hall, the canvassers drove to a subdivision of the City of Frontenac and began door-to-door canvassing at about 4:30 p. m. The canvassers had failed to obtain a permit from City Hall prior to canvassing residents of the City of Frontenac, nor had the City Clerk approved such canvassing without a permit.
8. The four ACORN canvassers continued to canvass until approximately 7:00 p. m., which was after sunset on January 27, 1981. In response to two different citizen complaints, police officers of the City of Frontenac stopped the canvassers on a public street. One citizen contacted the police about a "suspicious auto" and another resident complained about unknown persons knocking at her door. After the ACORN canvassers identified themselves, the Frontenac Police Officers ordered these four canvassers to cease their activities and leave the area both because they were not carrying a permit,[2] and because they were canvassing in violation of the City Ordinance which limited canvassing to the hours of 9:00 a. m. to one-half hour before sunset.
9. Subsequently, Ms. Allison the Canvass Director of ACORN talked with David Blazer, Chief of Police of the City of Frontenac who informed her that the City Ordinance, restricting canvassing to the hours of 9:00 a. m. to one-half hour before sunset, applied to and would be enforced against ACORN'S canvassers.
10. As a result of these actions by the officials of the City of Frontenac, ACORN and its members indefinitely suspended their canvassing efforts in the City of Frontenac.
11. Subsequent to the events of January 27, 1982, the Board of Aldermen of the City of Frontenac on March 10, 1981 duly enacted Ordinance No. 638, entitled "An Ordinance Pertaining to and Regulating Charitable Solicitors, Peddlers, Canvassers, Solicitors, and Transient Vendors Within the City of Frontenac, Missouri and Providing Penalties for Violations." This ordinance repealed Chapter 7 of the Code of Ordinances of the City of Frontenac and presently is in effect.
12. Section 6 of Ordinance No. 638 of the City of Frontenac provides that "[n]o person shall solicit except between the hours of 9:00 a. m. and 6:00 p. m. on each day and no solicitation shall be done on Sundays, or legal holidays."
13. Section 10 of Ordinance No. 638 of the City of Frontenac provides that any person in violation of the ordinance or any part thereof "shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not in excess of $500.00."
14. ACORN and its members presently wish to engage in door-to-door canvassing in the City of Frontenac after 6:00 p. m. and until 9:00 p. m. However, ACORN has ceased canvassing during these hours because of the restrictions placed upon their activities by Section 6 of Ordinance No. 638.
15. Ordinance No. 638 clearly applies to the canvassing activities of ACORN and *768 therefore directly affects and prohibits ACORN from canvassing by personal contact in the City of Frontenac between the hours of 6:00 p. m. and 9:00 a. m. on Saturdays and weekdays and altogether precludes canvassing on Sundays and legal holidays.
16. Defendants have advised plaintiffs that ACORN canvassers may secure a permit for the purpose of canvassing in the City of Frontenac. However, defendants have further warned ACORN that Section 6 of Ordinance No. 638 will be enforced against those canvassers who insist upon canvassing during the hours prohibited by Section 6 of Ordinance No. 638.
17. The City of Frontenac enacted this ordinance restricting canvassing in order to give its residents a feeling of security and privacy in their homes and to lessen the possibilities of burglary and other crimes. The City of Frontenac does not provide its citizens with street lights which increases the chances of burglary. In addition, a number of communities surrounding Frontenac have enacted similar legislation and Frontenac was anxious to have uniformity in this type of ordinance.

CONCLUSIONS OF LAW
This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1343 and 2201, et seq. Plaintiffs claim that they are entitled to declaratory and injunctive relief on the ground that the Frontenac ordinance prohibiting solicitation on Sundays and legal holidays and "between the hours of 9:00 a. m. and 6:00 p. m. on all other days", is on its face, and as applied to the plaintiffs' canvassing activities, violative of the due process clause of the Fourteenth Amendment and the First Amendment guarantees of freedom of speech, assembly, and the right to petition. Therefore, the question of law presented by this case is whether Section 6 of the Frontenac Ordinance No. 638 is a permissible time, place, and manner regulation. However, before addressing the constitutional issue, it is necessary to dispose of certain preliminary questions raised by the defendants, who contend that the plaintiffs do not have standing to raise a constitutional challenge to the ordinance and that the case is not ripe for adjudication.
The Supreme Court recently held in Valley Forge Christian College v. Americans United for Separation of Church and State, ___ U.S. ___, ___, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982) that
"Article III requires the party who invokes the court's authority to `show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant,' Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 99, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66 (1979), and that the injury `fairly can be traced to the challenged action' and `is likely to be redressed by a favorable decision,'. Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 26, 38, 41, 96 S.Ct. 1917, 1924, 1925, 48 L.Ed.2d 450."
In addition, the Court reasoned that beyond the requirements imposed by the constitution, the federal judiciary has adhered to a number of principles that relate to the question of standing. Therefore, the Supreme Court requires a plaintiff to assert his own legal rights and interests and not to rest a claim for relief on the legal rights of third parties. Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). In addition, a plaintiff's claim must fall within "the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." Valley Forge Christian College v. Americans United for Separation of Church and State, 102 S.Ct. at 759 (citing Data Processing Service v. Comp, 397 U.S. 150, 153, 90 S.Ct. 827, 830, 25 L.Ed. 184 (1969)). In light of the principles articulated by the Supreme Court, it can be concluded that plaintiffs in this cause of action have fulfilled the prerequisites necessary for the invocation of the jurisdiction of this Court. There is no question that the enforcement of the Frontenac Ordinance is preventing the plaintiffs from canvassing during certain hours. Therefore, the plaintiffs are suffering *769 an "actual or threatened injury," that could only be redressed through judicial action, in the event that the ordinance is found unconstitutional. ACORN clearly is asserting its own legal rights in this cause of action by objecting to an ordinance that limits its own canvassing activities, and affects its rights under the constitution. Thus, it is the conclusion of this Court that plaintiffs have standing to raise their objections to the Frontenac Ordinance which restricts door-to-door canvassing to certain hours and days in that municipality.
The second objection that the defendants raise to the plaintiffs' complaint is that the issues presented are not ripe for adjudication. The rationale behind the principle of ripeness "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Abbott Laboratories v. Gardner, 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967). However, a statute may be challenged even if an arrest has not taken place; the threat of enforcement is sufficient.[3]New York Public Interest v. Village of Roslyn Estates, 498 F.Supp. 922 (E.D.N.Y.1979). There is no question that Frontenac Ordinance No. 638, Section 6 applies to the plaintiffs' activities and is preventing them from canvassing during the hours they wish to canvass door-to-door in Frontenac. In addition, the defendants have clearly indicated that plaintiffs' proposed conduct is barred by the newly enacted ordinance. See Finding of Fact No. 16. Whether the defendants have formally applied the ordinance to ACORN, or whether the officials of Frontenac have merely threatened its enforcement on sanctions for its violation, is of no significance to the question of ripeness. Therefore, it is the conclusion of this Court that plaintiffs' complaint presents an issue ripe for adjudication.
The threshold issue raised by plaintiffs' complaint is whether an ordinance which restricts door-to-door canvassing to the hours of 9:00 a. m. and 6:00 p. m. on weekdays and Saturdays, and prohibits solicitation on holidays and Sundays is a permissible time, place, and manner regulation of constitutional rights guaranteed by the Fourteenth and First Amendments. It is the opinion of this Court that the Frontenac Ordinance is drawn with the requisite specificity to pass constitutional muster.
There is no question that the First Amendment embraces and protects the right to solicit and canvass. Murdock v. Pennsylvania, 319 U.S. 105, 63 S.Ct. 870, 87 L.Ed. 1292 (1943); Martin v. Struthers, 319 U.S. 141, 63 S.Ct. 862, 87 L.Ed. 1313 (1943); Schneider v. State, 308 U.S. 147, 60 S.Ct. 146, 84 L.Ed. 155 (1939). However, the Supreme Court has held repeatedly that "soliciting and canvassing from door-to-door [are] subject to reasonable regulation so as to protect the citizen against crime and undue annoyance if the regulation is drawn with the requisite specificity." Village of Schaumburg v. Citizens For A Better Environment, 444 U.S. 620, 632, 100 S.Ct. 826, 833, 63 L.Ed.2d 73 (1980). Therefore, there is "no absolute right under the Federal Constitution to enter on the private premises of another and knock on a door for any purpose, and the police power permits reasonable regulation for public safety." Hynes v. Mayor of Oradell, 425 U.S. 610, 618, 96 S.Ct. 1755, 1759, 48 L.Ed.2d 243 (1976). Finally, the Supreme Court approves those time, place, and manner restrictions that are justified without reference to the content of regulated speech, that serve a significant government interest, and that leave ample alternative opportunities and channels for communication of information. Heffrom v. International Society for Krishna Consciousness, 452 U.S. 640, 648, 101 S.Ct. 2559, 2564, 69 L.Ed.2d 298 (1981). It is the opinion of this Court that Frontenac Ordinance No. 638, Section 6 fulfills these requirements.
*770 The Frontenac ordinance enacted by the defendants in this cause of action appears to be a permissible accommodation of the plaintiffs' rights to solicit and the municipality's interests in protecting its citizens and preserving the peaceful enjoyment of the homes for its citizens. Westfall v. Clayton County, 477 F.Supp. 862, 865 (N.D.Ga. 1979). Limiting the hours of solicitation between 9:00 a. m. and 6:00 p. m. on weekdays and Saturdays and prohibiting solicitation altogether on Sundays and legal holidays is a reasonable restriction upon the time, place, and manner of plaintiffs' rights in this case because the regulation is unrelated to the suppression or content of the plaintiffs' speech.[4] In addition, the Supreme Court has recognized that a municipality has a legitimate government interest in protecting its citizens' privacy and safety. Heffrom v. International Society for Krishna Consciousness, supra; Village of Schaumburg v. Citizens For A Better Environment, supra; Hynes v. Mayor of Oradell, supra; Martin v. Struthers, supra; Cantwell v. Connecticut, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940). Finally, the plaintiffs and other door-to-door solicitors have ample additional opportunities to contact the public; the ordinance allows canvassing during the days and on Saturdays. Therefore, the ordinance is a permissible time, place, and manner regulation of First Amendment rights under the standards articulated by the Supreme Court.[5]
Accordingly, it is the conclusion of this Court that Frontenac Ordinance No. 638, Section 6 is constitutional as applied to plaintiffs' activities and on its face. Therefore judgment will be entered for the defendants.
NOTES
[1] When the plaintiffs filed their original complaint, they were contesting the constitutional validity of Frontenac Ordinance Chapter 7, Article 1, Section 7-6, enacted on March 10, 1981, which prohibited solicitation "between the hours of one-half hour before sunset and 9:00 a. m. the following morning." Plaintiffs indefinitely suspended their canvassing effort in Frontenac in response to the enforcement of this ordinance by the defendants on January 27, 1981. Subsequent to the initiation of this litigation the Board of Aldermen of the City of Frontenac on March 10, 1981 enacted Section 6 of Ordinance No. 638 which provides that "[n]o person shall solicit except between the hours of 9:00 a. m. and 6:00 p. m. on each day and no solicitation shall be done on Sundays, or legal holidays." The question presented by plaintiffs' first amended complaint and before this court is the constitutional validity of the latter ordinance.
[2] The plaintiffs in this action are not contesting the permitting requirements found in either of the Frontenac Ordinances. Therefore, it is unnecessary to discuss the validity of those requirements or to determine the reasons that the plaintiffs failed to acquire a permit in this particular instance.
[3] The plaintiffs were in fact arrested under the earlier ordinance. Subsequently, they suspended their canvassing activities. It is the conclusion of this Court that review of the second ordinance is proper and ripe, even though the plaintiffs have not been arrested pursuant to Frontenac Ordinance No. 638.
[4] The ordinance in question applies to all peddlers, canvassers, solicitors, transient vendors of merchandise, and non-profit charitable organizations, without regard to the purpose of solicitation. Although there is some suggestion in plaintiffs' post-brief that the Frontenac ordinance does not apply to persons approaching citizens door-to-door who were seeking only information and not money or subscriptions, plaintiffs failed to advance this contention in their complaint. In addition, plaintiffs do not seem to be claiming that defendants are attempting to regulate the content of speech, or that Frontenac officials are enforcing the ordinance in a discriminatory fashion.
[5] This Court recognizes that the various district courts which have considered the validity of an ordinance which has restricted the hours of solicitation and canvassing from 9:00 a. m. to 6:00 p. m. have been split in their conclusions. This type of ordinance was upheld in Westfall v. Clayton County, 477 F.Supp. 862 (N.D.Ga. 1979), McMurdie v. Doutt, 468 F.Supp. 766 (N.D.Ohio 1979), and stricken in Citizens For A Better Environment v. Village of Fields, 511 F.Supp. 104 (N.D.Ill.1980); Connecticut Citizens, Etc. v. Town of Southington, 508 F.Supp. 43 (D.Conn.1980). This Court believes in light of the guidelines set down by the Supreme Court that the former decisions reached the correct conclusion and provide the better reasoning.