**CITY OF WATSEKA, COUNTY OF IROQUOIS, and State of Illinois, a home rule municipality, Plaintiff,**

v.

**ILLINOIS PUBLIC ACTION COUNCIL, and American Liberties Union, Defendants.**

**ILLINOIS PUBLIC ACTION COUNCIL, Plaintiff,**

v.

**CITY OF WATSEKA, COUNTY OF IROQUOIS and State of Illinois, a home rule municipality, and Ernest A. Grove, Mayor of Watseka individually and in his official capacity, Defendants.**

No. 82–2347.

United States District Court, C.D. Illinois.

Jan. 16, 1984.

Order Assessing Damages For IPAC Aug. 22, 1984.

Milo J. Fleming, Watseka, Ill., Ralph Swanson, Danville, Ill., for plaintiff.

Harvey Grossman, Barbara O'Toole, Chicago, Ill., for defendants.

## ORDER

BAKER, Chief Judge.

This matter is currently before the court on the parties' cross motions for summary judgment.

■ On October 8, 1982, the plaintiff, City of Watseka, Illinois (hereinafter "Watseka"), filed a complaint in the Circuit Court of the Twelfth Judicial Circuit of Iroquois County, Illinois. The complaint sought a declaratory judgment that § 19–9 of the Revised Ordinances of the City of Watseka (regulating the hours of door-to-door solicitation) is a valid and constitutional exercise of Watseka's police powers. Watseka also sought an injunction, prohibiting the defendant Illinois Public Action Council (hereinafter "IPAC") from violating the ordinance.

On November 29, 1982, IPAC and co-defendant, American Civil Liberties Union of Illinois (ACLU) filed a Petition for Removal in this court. The petition was granted and on December 6, 1982, IPAC and ACLU filed their Answer and Counterclaim. In its counterclaim, IPAC sought a declaratory judgment that Watseka's ordinance is unconstitutional, both on its face and as applied to IPAC, an injunction, prohibiting enforcement of the ordinance, and compensatory and punitive damages.

On June 29, 1983, Watseka filed a Motion for Summary Judgment, together with exhibits, affidavits, and a memorandum in support of the motion. By its motion, Watseka seeks summary judgment in its favor on the declaratory judgment action and dismissal of IPAC's counterclaim. On July 19, 1983, IPAC and ACLU filed a Motion in Opposition to Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment, and a memorandum in support of the defendants' motion. By their motion, the defendants seek summary judgment in their favor on the declaratory judgment action.

The relevant facts are simple and undisputed. On October 15, 1979, Watseka passed an ordinance regulating solicitation within the city limits. That part of the

ordinance which is at issue limits solicitation in private residences in Watseka to the hours of 9:00 a.m. to 5:00 p.m., Monday through Saturday, and prohibits solicitation on holidays.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In determining whether summary judgment is proper, a court ordinarily must view the record in the light most favorable to the party opposing the motion, drawing all inferences most favorable to that party. *Rose v. Bridgeport Brass Co.*, 487 F.2d 804, 808 (7th Cir.1973).

IPAC's canvassing and solicitation activities are clearly protected by the First Amendment to the United States Constitution. *See Village of Schaumburg v. Citizens for a Better Environment*, 444 U.S. 620, 100 S.Ct. 826, 63 L.Ed.2d 73 *reh'g denied*, 445 U.S. 972, 100 S.Ct. 1668, 64 L.Ed.2d 250 (1980). It is also well established that Watseka has the power to regulate the activities of canvasers and solicitors if the regulation is in furtherance of a legitimate governmental objective. *See ACORN v. City of Frontenac*, 714 F.2d 813 (8th Cir.1983). *See e.g., Hynes v. Mayor of Oradell*, 425 U.S. 610, 616–17, 96 S.Ct. 1755, 1758–59, 48 L.Ed.2d 243 (1976). However, the regulation of canvassing and soliciting must be undertaken:

> [W]ith due regard for the reality that solicitation is characteristically intertwined with informative and perhaps persuasive speech-seeking support for particular causes or for particular views on economic, political, or social issues, and for the reality that without solicitation the flow of such information and advocacy would likely cease. Canvassers in such contacts are necessarily more than solicitors for money.

*Village of Schaumburg*, 444 U.S. at 632, 100 S.Ct. at 833.

It is the duty of the court to determine the constitutional validity of a municipality's regulation. *Thomas v. Collins*, 323 U.S. 516, 65 S.Ct. 315, 89 L.Ed. 430 (1945). Additionally, "although a duly enacted statute normally carries with it a presumption of constitutionality, when a regulation allegedly infringes on the exercise of First Amendment rights, the statutes *proponents* bears the burden of establishing the statute's constitutionality." (Emphasis added.) *ACORN*, 714 F.2d at 817 *citing Organization for a Better Austin v. Keefe*, 402 U.S. 415, 419, 91 S.Ct. 1575, 1577, 29 L.Ed.2d 1 (1971). *See also Village of Schaumburg*, 590 F.2d 220, 224 (7th Cir.1978), *aff'd*, 444 U.S. 620, 100 S.Ct. 826, 63 L.Ed.2d 73 (1980).

In *Heffron v. International Society for Krishna Conscienceness, Inc.*, 452 U.S. 640, 101 S.Ct. 2559, 69 L.Ed.2d 298 (1981), the United States Supreme Court stated that the validity of a regulation which infringes upon the exercise of First Amendment Freedoms will be sustained, "only if the regulation is narrowly drawn to further a legitimate governmental objective unrelated to the restriction of communication, and if it does not unduly intrude upon the exercise of First Amendment rights. *See also Schad v. Borough of Mt. Ephriam*, 452 U.S. 61, 68, 101 S.Ct. 2176, 2182, 68 L.Ed.2d 671 (1981); *Village of Schaumburg*, 444 U.S. at 637, 100 S.Ct. at 836; *L. Tribe, American Constitutional Law*, § 12–2 at 581–82 (1978).

In applying the *Heffron* test to this case, the court recognizes that Watseka's interest in protecting the privacy of its residents is a legitimate governmental objective. However, the regulation enacted by the city unduly intrudes upon the plaintiffs' exercise of their First Amendment rights. *Cf. Heffron*, 452 U.S. at 658, 101 S.Ct. at 2569.

In *ACORN v. City of Frontenac*, the United States Court of Appeals for the Eighth Circuit found that Frontenac's solicitation ordinance (which was similar to Watseka's) unduly burdened the plaintiffs' First Amendment rights because the City

of Frontenac could have achieved its goal of preventing undue annoyance of its residents through means less restrictive to the constitutional freedoms than the means embodied in its regulation. *See* 714 F.2d at 819. The court found that the city's trespassing laws could be enforced against those who enter or remain on private property after its owner had indicated to the intruder that (s)he was not welcome. The court continued, explaining:

> Furthermore, unlike the public transit patron in *Lehman v. City of Shaker Heights*, 418 U.S. 298, 304, 94 S.Ct. 2714, 2717–18, 41 L.Ed.2d 770 (1974) (plurality opinion); *id.* at 307–308, and the unwilling target of the sound truck in *Kovacs v. Cooper*, 336 U.S. 77, 86–87, 69 S.Ct. 448, 453, 93 L.Ed. 513 (1949), the resident in this case is not a member of a captive audience. The solicitor or canvaser has no right to make an uninvited entry into a resident's home. *Cf. Owen v. United States Post Office Department*, 397 U.S. 728, 90 S.Ct. 1484, 25 L.Ed.2d 786 (1970) (householder has no right to bar entry of unwanted mail into home). If the resident is not interested in receiving the particular solicitor's message, he may indicate as much and close the door. If the resident cares not to receive messages from *any* solicitors or canvassers, he may post a sign to that effect at his door or at the entrance to his proprety. But Frontenac may not, in the interest of achieving its legitimate objectives, broadly prohibit the plaintiffs' activities when less restrictive alternatives will satisfactorily accomplish the same objectives.
>
> . . . .
>
> We are not persuaded by Frontenac's argument that the ordinance is valid since it allows ACORN and others to solicit at alternative times, namely, from 9:00 a.m. to 6:00 p.m., Monday through Saturday. Regardless of ACORN's argument that to canvass during those hours would be fruitless, we note, as the Supreme Court has noted, that "one is not to have the exercise of his liberty of expression in appropriate places abridged on the plea that it may be exercised in some other place." (Emphasis added.) *ACORN*, 714 F.2d at 819 *citing Schneider v. State*, 308 U.S. 146, 163, 60 S.Ct. 146, 151, 84 L.Ed. 155 (1939).

Just as the residents of Frontenac could rely on the city's trespassing laws to ensure their privacy from unwanted solicitors, the residents of Watseka may rely upon their city's trespassing laws for protection. Additionally, the Watseka residents wishing to avoid door-to-door solicitation all together may do so by posting a "no solicitation" or "no trespassing" sign at their door or at the entrance to their property. *See Ordinances of the City of Watseka* §§ 19–6 to 19–8. *Cf. Citizens for a Better Environment v. Village of Olympia Fields*, 511 F.Supp. 104, 107 (N.D.Ill. 1980).

Given that Watseka's ordinance already provides a comprehensive registration and certification scheme for solicitors, it appears that Watseka already has, in force, several less restrictive alternatives to protect its citizens from unwanted canvassers or solicitors. *See Revised Ordinances of the City of Watseka*, §§ 19–2—19–4. Consequently, this court must conclude that the City of Watseka's ordinance regulating canvassing and solicitation is unconstitutional under the First Amendment because it unduly burdens the defendants' right to freedom of speech and because there exist several less restrictive means through which the city may protect its residents from unwanted canvassers and solicitors.

In Watseka's motion for summary judgment, the city advances the issue of whether the ordinance in question, by its language, applies to IPAC. The court concludes that it is unnecessary to reach this issue because the city's ordinance is an unconstitutional deprivation of free speech.

IT IS THEREFORE ORDERED that the plaintiff City of Watseka's motion for summary judgment be, and hereby is, denied.

IT IS FURTHER ORDERED that the defendants' cross motions for summary judgment be, and hereby is, granted.

IT IS FURTHER ORDERED that the plaintiffs are enjoined and restrained from enforcing those provisions of the ordinance which limit solicitation in private residences in Watseka to the hours of 9:00 a.m. to 5:00 p.m. Monday through Saturday, and prohibiting solicitation on holidays.

IT IS FURTHER ORDERED that the matter is set for hearing on the issue of damages and all other pending matters on April 20, 1984 at 1:30 p.m.

### ORDER ASSESSING DAMAGES FOR IPAC

This matter is before the court for the assessment of damages. An evidentiary hearing was held on May 23, 1984, and the briefs and arguments of counsel were finally submitted on August 13, 1984.

The court makes the further findings of fact that:

1. Illinois Public Action Council (IPAC) suffered a loss in revenue by its inability to canvass in the City of Watseka in the year 1981 of $1200.00.

2. IPAC suffered a loss in revenue by its inability to canvass in the City of Watseka in the year 1982 of $1400.00.

3. IPAC suffered a loss in revenue by its inability to canvass in the City of Watseka in the year 1983 of $2900.00.

4. The total gross revenue lost by IPAC in the years 1981 through 1983 was $5500.00.

5. IPAC had an overhead cost of forty percent which would reduce its revenue lost to a net of $3300.00.

Preventing a person from exercising a First Amendment right is a compensable element of damage in and of itself. "The court should consider compensation for harm, if any, resulting from the constitutional violation, and appropriate compensation for the constitutional violation itself." *Walsh v. Brewer*, 733 F.2d 473, 477 (7th Cir., May 3, 1984); *Owen v. Lash*, 682 F.2d 648, 652–53 (6th Cir.1982); *see generally Lenard v. Argento*, 699 F.2d 874, 891 (7th Cir.1983); *Kincaid v. Rusk*, 670 F.2d

737, 746 (7th Cir.1982). IPAC was prevented from exercising its First Amendment rights in this case and the court finds that a sum of money which will reasonably and fairly compensate IPAC for that loss is $5,000.00.

Accordingly, IT IS ORDERED that the Clerk enter judgment in favor of Illinois Public Action Council against the City of Watseka in the sum of $8,300.00 and costs of suit.